IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EMPLOYERS & CEMENT MASONS # 90
HEALTH & WELFARE FUND and
EMPLOYERS & CEMENT MASONS # 90
PENSION FUND,**

**Plaintiffs,**

**v.**

**TRIPLE M CONTRACTING, INC., and
MIKE AND SARA MONIGER d/b/a
TRIPLE M CONTRACTING,**

**Defendants.**                                                   **No. 06-cv-0383-DRH**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Defendant Mike Moniger's motion to dismiss Plaintiff's First Amended Complaint (Doc. 19). Plaintiff opposes the motion (Docs. 21 & 22). Based on the following, the Court denies Moniger's motion to dismiss.

On August 25, 2006, Plaintiffs Employers & Cement Masons # 90 Health & Welfare Fund and Employers & Cement Masons # 90 Pension Fund filed a First Amended Complaint against Triple M Contracting, Inc., and Mike and Sarah Moniger d/b/a Triple M Contracting for alleged violations of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. § 1145 (Doc. 14). According to the First Amended Complaint, "[t]he Plaintiffs are employee benefits

plans administered pursuant to the terms and provisions of the Agreements and Declarations of Trust creating such Fund and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947 and ERISA (as amended), 29 U.S.C. § § 1001 *et seq*." (Doc. 14. ¶ 2). The First Amended Complaint also alleges that Defendant is "an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Sections 1002(5), (11), and (14). Defendant employs individuals who are members of, and represented by the Cement Masons Local Union No. 90, a local labor organization, and said individuals are participants in Plaintiffs' employee benefit funds pursuant to a Collective Bargaining Agreement by an [sic] between the Defendant and Cement Masons Local No. 90. This Collective Bargaining Agreement obligated Defendant to make fringe benefit contributions to Plaintiffs." (Doc. 14, ¶ 3). The First Amended Complaint further states that Triple M Contracting, Inc., was involuntarily dissolved on March 1, 2006 and that it became an aggregate of persons as of that date. (Doc. 14. ¶ 5). Plaintiffs allege that, pursuant to ERISA, Defendant is required to make contributions to the Funds, that Defendant failed to make the required contributions and that Defendant is delinquent in the amount of $4,825.48.

## II. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim, the district court assumes as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff. ***Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (citing *Wiemerslage Through***

***Wiemerslage v. Maine Township High School Dist. 207*, 29 F.3d 1149, 1151 (7th Cir. 1994))**. The question is whether, under those assumptions, the plaintiff would have a right to legal relief. ***Id***. This standard also has been articulated:

> [U]nder "simplified notice pleading," … the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

***Lewis v. Local Union No. 100 of Laborers' Int'l Union*, 750 F.2d 1368, 1373 (7th Cir. 1984) (quoting *Conley v. Gibson*, 355 U.S. 41, 46-47 (1957)). Accord *Fries* at 457; *Vickery v. Jones*, 100 F.3d 1334, 1341 (7th Cir. 1996).**

The Seventh Circuit has reiterated the liberal standard governing notice pleading:

> It is sufficient if the complaint adequately notifies the defendants of the nature of the cause of action…. As the Supreme Court has recently reminded us, the Federal Rules of Civil Procedure do not permit us to demand a greater level of specificity except in those instances in which the Rules specifically provide for more detailed elaboration. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993).

***Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998); *See also Kaplan v. Shure Brothers, Inc.*, 153 F.3d 413, 419 (7th Cir. 1998)**. In fact, the Seventh Circuit has instructed that a plaintiff's claims *must* survive a 12(b)(6) dismissal motion if relief could be granted under *any* set of facts that could be proved consistent with the allegations. ***Hi-Lite Products***

***Co. v. American Home Products Corp.*, 11 F.3d 1402, 1409 (7th Cir. 1993).**
Motions to dismiss are intended only to test the legal sufficiency of the plaintiff's complaint, not to address the claims on their merits; summary judgment motions are the proper vehicles to consider legal arguments and evidence.

Moniger moves to dismiss the First Amended Complaint arguing that Plaintiff's First Amended complaint fails to state a claim against him or that he owes any duty to Plaintiffs or their members (Doc. 19). Moniger claims that he is not now nor has ever been an owner, officer or agent of Triple M Contracting. He also maintains that he has never served in any type of representative capacity of Triple M Contracting, Inc., nor has never done business as Triple M Contracting. Moniger attaches an affidavit averring the same (Doc. 19, Exhibit A). Plaintiffs respond that they have alleged sufficient facts to support a cognizable claim against Moniger. Further, Plaintiffs contend that the discovery process will yield documentation proving that Moniger possessed or operated in an official capacity for Triple M Contracting, Inc.[1]

Here, Plaintiffs have delineated facts sufficient to allow the Court to "understand the gravamen of the plaintiff's complaint." ***Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998).** Affording the complaint a liberal

---

[1] Both Moniger and Plaintiffs rely upon exhibits, specifically affidavits, outside the pleadings to support their arguments. When considering a Rule 12(b)(6) motion, the Court should consider only the allegations contained in the pleadings. **See Rule 12(b)**. However, documents that are attached may be considered if they are referred to in the complaint and are central to the claims. ***Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002)**. As the affidavits are not referenced in the Complaint, the Court may not consider them in ruling on the motion to dismiss.

construction, this Court cannot say that "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." ***Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).** The Court notes that a motion for summary judgment is the appropriate vehicle to allow the Court to decide whether Moniger owned, operated or possessed a position of authority with Triple M Contracting, Inc.

### III. Conclusion

Accordingly, the Court **DENIES** Defendant's Mike Moniger's motion to dismiss (Doc. 19).

**IT IS SO ORDERED.**

Signed this 16th day of March, 2007.

/s/    David   RHerndon
**United States District Judge**